| | | |
|---|---|---|
| JAMES ANTHONY SPARKS | ) | |
| | ) | |
|    *Petitioner*, | ) | |
| | ) | |
| v. | ) | No.:   4:11-cv-10 |
| | ) | *Judge Mattice* |
| | ) | |
| STATE OF TENNESSEE, | ) | |
| THE ATTORNEY GENERAL FOR | ) | |
| THE STATE OF TENNESSEE, | ) | |
| and LEE POSEY DANIEL, Warden | ) | |
| | ) | |
|    *Respondents*. | ) | |

## **MEMORANDUM**

This is a *pro se* petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner James Anthony Sparks ("petitioner"). The matter is before the court on the motion to dismiss filed by the Attorney General for the State of Tennessee. Petitioner has not filed a response to the motion to dismiss and the court deems petitioner to have waived his opposition to the dispositive motion. *Elmore v. Evans*, 449 F. Supp. 2, 3 (E.D. Tenn. 1976), *aff'd mem*., 577 F.2d 740 (6th Cir. 1978); E.D.TN. LR7.2. For the following reasons, the motion to dismiss [Court File No. 4] will be **GRANTED** and this action will be **DISMISSED**.

Petitioner is confined in the Elmore Correctional Facility in Elmore, Alabama. According to petitioner, he is serving a 20-year sentence on an Alabama conviction for first degree robbery and first degree assault that was imposed October 1, 2001. He alleges that the State of Tennessee issued a warrant for his arrest for violation of probation, but rather than serve the warrant, the State of Tennessee lodged a detainer with the State of Alabama which remains pending. Petitioner alleges he has a right to a speedy disposition of the pending detainer and asks this court to order the State of Tennessee to transport him to Tennessee for a hearing on revocation of probation.

The Attorney General moves to dismiss the petition for the reason that petitioner has not stated a federal claim. This court agrees. "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 68 (1991).

In *Grizzell v. Tennessee*, 601 F. Supp. 230 (M.D. Tenn.), *appeal dismissed*, 746 F.2d 1476 (6th Cir. 1984), the district court held that "[t]he rights created by [the Interstate Agreement on Detainers] 'are statutory, not fundamental, constitutional, or jurisdictional in nature.'" *Id*. at 231 (quoting *Greathouse v. United States*, 655 F.2d 1032, 1034 (10th Cir. 1981)). The United States Court of Appeals for the Sixth Circuit has repeatedly held that a violation of the Interstate Agreement on Detainers is not a basis for federal habeas corpus relief under § 2254. *See, e.g., Browning v. Foltz*, 837 F.2d 276, 283 (6th Cir. 1988); *Metheny v. Hamby*, 835 F.2d 672, 674 (1987).

2

In *Bracey v. Tennessee*, 616 F.2d 268 (6th Cir. 1980), the Sixth Circuit specifically held that the Interstate Agreement on Detainers does not give a district court the authority to order Tennessee prison officials to disregard an Alabama detainer nor does it give a district court the authority to order Alabama officials to withdraw such a detainer. Similarly, this court lacks authority to order the State of Tennessee to transport petitioner back to Tennessee for a revocation hearing or to order the State to withdraw the detainer.

Accordingly, this court lacks jurisdiction to grant petitioner the relief he seeks and the motion to dismiss will be **GRANTED**. The petition for habeas corpus relief will be **DENIED** and this action **DISMISSED**. A certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253(c); Rule 22(b) of the Federal Rules of Appellate Procedure. The court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure. The court will further **DENY** petitioner leave to proceed *in forma pauperis* on appeal.

**AN APPROPRIATE ORDER WILL ENTER.**

*/s/Harry S. Mattice, Jr.*
HARRY S. MATTICE, JR.
UNITED STATES DISTRICT JUDGE